**C.R. BARD, INC., Plaintiff–
Counterdefendant,**

v.

**M3 SYSTEMS, INC., Defendant–
Counterclaimant.**

No. 93 C 4788.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 24, 1994.

Terry M. Grimm, Timothy J. Rivelli, Thomas J. Wiegan, Timothy P. O'Connor, Winston & Strawn, Chicago, IL, James F. Sweeney, Donovan, Parry, Walsh and Reppto, Desiree M. Stahl, Steven F. Meyer, James W. Gould, Scott B. Howard, Walter G. Hanchuk, Warren H. Rotert, Mark L. Hogge, Morgan & Finnegan, New York City, for plaintiff.

Paul E. Slater, Greg Shinall, Sperline, Slater & Spitz, P.C., Richard D. Harris, Max Shaftal, Jordan A. Sigale, Law Offices of Dick & Harris, Chicago, IL, for defendant.

### *MEMORANDUM OPINION AND ORDER*

CONLON, District Judge.

C.R. Bard, Inc. ("Bard") sues M3 Systems, Inc. ("M3 Systems") for patent infringement. M3 Systems counterclaims for inequitable conduct and violations of the Sherman Act. After the parties filed a joint pretrial order, the court severed the trial into four distinct stages (*i.e.*, a "quadrifurcated" trial). M3 Systems now seeks leave to file additional motions *in limine*.

### *BACKGROUND*

On May 19, 1994, the parties filed a joint pretrial order. Pursuant to the Local Rules,

any motions *in limine* are to be filed with the joint pretrial order. *See* Local Civil Rule 5.00 n. 5. On June 7, 1994, the court quadrifurcated the trial into four distinct segments concerning: (1) M3 Systems' alleged infringement of Bard's patents; (2) the validity of Bard's patents; (3) Bard's alleged antitrust violations; and (4) patent infringement or antitrust damages. *See* Memorandum Opinion and Order, No. 93 C 4788, 1994 WL 258889 (N.D.Ill. Jun. 7, 1994) at 2. Accordingly, the court directed the parties to amend the pretrial order to identify the evidence to be proffered in each trial segment on July 7, 1994.

## DISCUSSION

■ M3 Systems now seeks leave to file motions *in limine* nearly three months after the filing deadline. M3 Systems contends it was unaware of the issues it now raises until after the trial was quadrifurcated when the revised final pretrial order was submitted. In light of the confusion that may have arisen in the wake of the quadrifurcation order, leave is granted to file the first two *in limine* motions. However, the third motion is untimely. The court now addresses the merits of the motions.[1]

### 1. Benson Smith's Testimony

■ M3 Systems moves to exclude Benson Smith's testimony during the infringement phase of the trial. Smith is scheduled to testify regarding the commercial success of the patents at issue in this suit as well as the harm that Bard allegedly suffered as a result of M3 Systems' conduct. M3 Systems contends that Smith's testimony: (1) would lead to repetitive testimony (in violation of the quadrifurcation order); and (2) would introduce evidence into the infringement phase of trial that is solely relevant to invalidity and damages.

In response, Bard does not claim that Smith's testimony regarding commercial success and alleged harm would be relevant to infringement. Instead, Bard argues that Smith's job duties[2] "place severe limitations on [his] availability to testify at trial." Response at 2. In addition, Bard contends that Smith's testimony regarding commercial success and harm will only last a half hour.

Bard's purported reasons for introducing irrelevant testimony during the infringement phase are unsound. The court quadrifurcated the trial to prevent the introduction of evidence that might confuse the jury or distract it from focusing on the relevant issues during any one phase of the trial. The parties may not ignore the court's ruling because of inconvenience. Nor may they argue that violations of the quadrifurcation order are *de minimis*. Bard may not introduce evidence during the infringement phase that it concedes is not relevant to the issue of infringement. M3 Systems' motion to bar evidence of commercial success and harm to Bard during the infringement phase is granted.

### 2. Deposition Summaries

■ M3 Systems moves to prevent Bard from introducing deposition summaries of M3 Systems' officers and other employees *in lieu* of live testimony. Deposition testimony of an opposing party or its designees may be "used by an adverse party for any purpose." Fed.R.Civ.P. 32(a)(2). Thus, Bard may introduce deposition testimony of M3 Systems' officers as substantive proof—regardless of the availability of the officers. *See Aetna Casualty & Surety Co. v. Guynes*, 713 F.2d 1187, 1194 (5th Cir.1983); *Coughlin v. Capitol Cement Co.*, 571 F.2d 290, 308 (5th Cir. 1978). Accordingly, M3 Systems' motion *in limine* to exclude deposition summaries is denied.[3]

### 3. Patent Damages

■ M3 Systems moves to preclude Bard from introducing expert testimony regarding

---

1. The court grants motions to exclude evidence only if the evidence is clearly inadmissible for any purpose. *See* Memorandum Opinion and Order, No. 93 C 4788, 1994 WL 270252 (N.D.Ill. June 14, 1994) at 1 (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D.Ill.1993)).

2. Smith is Bard's Chief Operating Deputy Officer.

3. In so holding, the court does not rule that all deposition summaries will ultimately be found admissible at trial, nor does it rule that employees not designated by M3 Systems pursuant to

damages. According to M3 Systems, Bard's expert, James Malackowski, will testify that Bard should be awarded more damages than it legally is entitled to recover. M3 Systems' motion lacks merit. As an initial matter, the motion is untimely. The substance of Malackowski's expert opinion was not affected by the quadrifurcation order. M3 Systems was aware of Malackowski's expert opinion before filing the initial pretrial order. Thus, M3 Systems has no valid reason for failing to file its motion by May 19, 1994. In addition, M3 Systems' motion does not properly seek the exclusion of evidence, but rather seeks a legal ruling on the scope of damages. The jury will determine the appropriate amount of damages after receiving instructions regarding the proper legal standard for computing damages. The motion *in limine* is denied.

### CONCLUSION

For the foregoing reasons: defendant M3 Systems' motion to preclude testimony regarding commercial success and alleged harm during the infringement phase of trial is granted. Defendant's motions to bar deposition summaries and to exclude expert damages testimony are denied.

Fed.R.Civ.P. 30(b)(6) will be found to represent its interests for purposes of Fed.R.Civ.P. 32(a)(2).